**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>L.E. Pauli Coffey,<br><br>Debtor. | C/A No. 18-05614-DD<br><br>Chapter 7<br><br>**ORDER GRANTING RELIEF FROM STAY** |

This matter is before the Court on a motion for relief from stay filed by Gateway Mortgage Group, LLC ("Gateway") on November 14, 2018. The debtor, L.E. Pauli Coffey, filed three responses to the motion. A hearing was held on Gateway's motion on December 18, 2018.[1] Gateway's counsel and Ms. Coffey both appeared at the hearing. At the hearing, both parties consented to the Court reviewing the documents filed in both the state court and the United States District Court litigation between the parties. Accordingly, the Court advised the parties that it would likely grant Gateway's motion, subject to its review of the state court and District Court dockets. Subsequent to the hearing, on December 18 and December 20, Ms. Coffey filed additional responses to Gateway's motion. After reviewing all of the documents filed in relation to the motion for relief from stay and the state court and District Court dockets, and consistent with its tentative ruling at the December 18 hearing, the Court now grants Gateway's motion and issues this order.

**BACKGROUND AND FACTS**

1. Ms. Coffey filed her chapter 7 bankruptcy case *pro se* on November 2, 2018.

2. Ms. Coffey's schedules and statements were due on November 16, 2018, but to date have not been filed. Ms. Coffey's meeting of creditors is scheduled for December 27, 2018.

---

[1] The Court also scheduled a hearing on December 18, 2018 on a motion to dismiss the bankruptcy case filed by Ms. Coffey. At the hearing, Ms. Coffey did not pursue the motion to dismiss; therefore, the Court did not rule on that motion and no further action will be taken on it.

3. Gateway filed its motion for relief from stay on November 14, 2018. In its motion, Gateway seeks relief from the automatic stay to conclude the foreclosure of its collateral, Ms. Coffey's residence located at 1707 Palmetto Drive, Beaufort, SC 29902 (the "Property").

4. The evidence presented by Gateway indicates that it is the holder of a note in the original principal amount of $110,000.00, executed and delivered by Chris A. Smock, Ms. Coffey's deceased husband, to Gateway on May 21, 2014.[2] The note is secured by a mortgage on the Property. Ms. Coffey did not sign the note or the mortgage. For several reasons, Ms. Coffey disputes the validity of the mortgage and asserts that it does not encumber the Property.

5. The certification of facts attached to Gateway's motion indicates that the fair market value of the Property is $110,000.00. Ms. Coffey did not file a certification of facts with her responses. *See* SC LBR 4001-1(a)(2) ("Failure to complete, serve, and file a responding certification of facts, or to complete fully the certification of facts shall be deemed an agreement to the terms contained in the movant's certification."). Ms. Coffey asserts a higher value but presented no evidence of value at the hearing.

6. Gateway's certification of facts indicates that the amount owed to Gateway is $139,718.13. Ms. Coffey disputes that anything is owed to Gateway.

7. Gateway commenced a state court foreclosure action for foreclosure of its mortgage on the Property on October 25, 2016.[3] Gateway's foreclosure action does not seek a deficiency judgment against Ms. Coffey and therefore is not attempting to recover from Ms. Coffey personally. Gateway concedes that Ms. Coffey did not sign the note or the mortgage.

---

[2] Mr. Smock died on January 7, 2016. In January 2017, Ms. Coffey, as Mr. Smock's personal representative, filed a chapter 7 bankruptcy case on behalf of Mr. Smock's estate. *See* Case No. 17-00313-dd. The Court dismissed that case on February 28, 2017 due to ineligibility. In preparing this order, the Court reviewed the docket in that bankruptcy case.
[3] *Gateway Mortg. Grp., LLC v. L.E. Pauli Coffey*, 2016-cp-07-02261.

2

8. On December 30, 2016, Gateway filed a motion for summary judgment in the foreclosure action, requesting that the Court find its mortgage on the Property valid. Judge Dukes, the Master-in-Equity for Beaufort County, granted the motion on January 30, 2017, finding that Gateway's mortgage is valid and ordering that the foreclosure can proceed. Judge Dukes subsequently recused himself on August 2, 2017; however, the January 30, 2017 order was not vacated. R. Thayer Rivers, Jr. was appointed the special referee for the case on August 17, 2017.

9. After lengthy litigation between the parties, an Order and Judgment of Foreclosure and Sale was issued on September 18, 2018.

10. The foreclosure sale was scheduled for November 5, 2018; however, the sale was cancelled due to Ms. Coffey's bankruptcy filing on November 2.

11. Ms. Coffey filed a notice of appeal of the Order and Judgment of Foreclosure and Sale on September 24, 2018. The appeal is currently pending. Ms. Coffey filed a motion to stay the foreclosure sale, which the South Carolina Court of Appeals denied on November 2, 2018. Ms. Coffey concedes that she has not and cannot post the bond to stay the sale of the Property as required by S.C. Code § 18-9-170.

12. Litigation between the parties is also pending in the United States District Court. On November 7, 2017, Ms. Coffey commenced an action against Gateway for violations of the Fair Credit Reporting Act, invasion of privacy, and negligent, wanton, and intentional conduct.[4] Gateway filed a motion to dismiss the action on January 29, 2018, and United States Magistrate Judge Mary Gordon Baker issued a Report and Recommendation on July 16, 2018 recommending that the motion be granted. United States District Judge Norton adopted the Report and Recommendation on August 3, 2018. Ms. Coffey appealed the decision to the Fourth Circuit on

---

[4] *L.E. Pauli Coffey v. Gateway Mortg. Grp., LLC*, C/A No. 9:17-cv-03021-DCN.

August 9, 2018, and the Fourth Circuit affirmed the District Court on October 25, 2018. The Fourth Circuit's mandate and judgment was entered on November 16, 2018.

13. At the hearing on Gateway's motion for relief from stay, Ms. Coffey put forth several arguments in opposition to the motion, referencing pleadings and evidence she stated she had previously filed in both the state court foreclosure action and the District Court action. As a result, after the hearing and with the consent of the parties, the Court reviewed the dockets and the pleadings filed for both cases, as well as the docket for the pending appeal of the foreclosure action.

## DISCUSSION

Gateway's motion asserts that Gateway is entitled to relief from stay pursuant to 11 U.S.C. § 362(d)(1) and (d)(2). For the reasons set forth below, Gateway is entitled to relief from stay pursuant to § 362(d)(1) for cause, due to lack of adequate protection and to the advanced stage of the state court and District Court actions and pursuant to § 362(d)(2) because Ms. Coffey has no equity in the property and the property is not necessary for an effective reorganization.

1. § 362(d)(1)

11 U.S.C. § 362(d)(1) provides, in relevant part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

The bankruptcy code does not define "cause." *In re Beaumont*, 548 B.R. 437, 441 (Bankr. D.S.C. 2016) (citing *In re Gibson*, 450 B.R. 585, 587 (Bankr. D.S.C. 2011)). "Instead, 'courts must look at the specific facts of the case and the totality of the circumstances in order to determine whether cause to grant relief from stay has been established.'" *Id.*, 548 B.R. at 441–42 (quoting *Gibson*, 450 B.R. at 587–88).

4

Courts have previously held that a failure to make payments on a loan, "coupled with a small or nonexistent equity cushion" was a basis for a finding of lack of adequate protection and therefore, cause to lift the stay.  *CMF Loudon Ltd. P'ship v. Nattchase Assocs. Ltd. P'ship (In re Nattchase Assocs. Ltd. P'ship)*, 178 B.R. 409, 416 (Bankr. E.D. Va. 1994); *see also Equitable Life Assurance Soc'y of the United States v. James River Assocs. (In re James River Assocs.)*, 148 B.R. 790, 797 (E.D. Va. 1992) ("A continued failure to make monthly payments under loan documents can constitute cause for granting relief from the automatic stay.  Typically, however, cause will only be found where the failure to make monthly payments corresponds with a nonexistent equity cushion.").  Here, it is undisputed that Ms. Coffey has not been making payments to Gateway on the note.  Judge Baker's Report and Recommendation in the District Court litigation indicates that as of April 17, 2017, the loan was 441 days past due.  Gateway's certification of facts indicates that the account is due for February 1, 2016 going forward.  It appears, based on the date of Mr. Smock's death on January 7, 2016, that no payments have ever been made by Ms. Coffey.  Ms. Coffey concedes that she has not made payments to Gateway, because she asserts that she does not owe them anything.

Additionally, the evidence before the Court indicates that the value of the Property is $110,000.00.  The only evidence before the Court regarding the Property's value is Gateway's certification of facts.  Although Ms. Coffey asserts that the Property is worth more, she has filed no schedules in her bankruptcy case and presented no evidence to support a higher value, other than her belated response, addressed above.  Thus, the Court finds based on the only evidence before it that the value of the Property is $110,000.00. Gateway indicates in its certification of facts that it is owed $139,718.13.

Although Ms. Coffey disputes that she owes any debt to Gateway, she presented no evidence supporting this claim. In the state court litigation, Judge Dukes, prior to his recusal, granted Gateway's motion for summary judgment, finding that Gateway's mortgage was valid. Further, Gateway is not attempting to collect any debt from Ms. Coffey personally — Gateway is simply attempting to foreclose its mortgage on the Property. Based on the evidence before the Court, it appears that there is no equity in the Property. Gateway is not adequately protected and therefore cause exists for relief from stay under § 362(d)(1).

Cause exists for another reason as well. Lifting the stay to allow the non-bankruptcy litigation to go forward has been found appropriate where the non-bankruptcy litigation "has reached an advanced stage and it would cause hardship to begin litigation in another forum." *In re Mitchell*, 546 B.R. 339, 347 (Bankr. D.S.C. 2016); *see also In re Charleston Affordable Hous., Inc.*, No. 09-01020, 2009 WL 9071877, at *2 (Bankr. D.S.C. June 10, 2009) ("This Court has previously lifted the stay and returned parties to state court when litigation had been pending in connection with a two party dispute for some time and where the matter was ready for trial.").

Here, the state court foreclosure litigation and the District Court litigation have both reached an advanced stage. An Order and Judgment of Foreclosure and Sale has been entered in the state court foreclosure litigation, and but for Ms. Coffey's filing of the bankruptcy case, the Property would have been sold at a foreclosure sale on November 5, 2018. Ms. Coffey has appealed the Order and Judgment of Foreclosure and Sale, and the South Carolina Court of Appeals has denied her request for a stay of the foreclosure sale. Ms. Coffey conceded at the December 18 hearing on Gateway's motion that she is unable to post a bond as required by South Carolina law. In the District Court litigation, the Fourth Circuit has affirmed the dismissal of the case, and therefore the only action remaining in that litigation is for Ms. Coffey to appeal to the

United States Supreme Court, if time remains and she elects to do so. Both the state court litigation and the District Court litigation have advanced to a point where it would cause significant delays and undue hardship to Gateway if the actions were not allowed to proceed. Ms. Coffey has asserted numerous state and federal defenses in connection with Gateway's motion for relief from stay; however, as evidenced by the fact that Ms. Coffey requested the Court review the docket and pleadings in the state and District Court actions to find support for the arguments she presented at the December 18 hearing, those defenses were raised and addressed, or should have been raised. This Court cannot review the findings of the state court or the District Court. Gateway is entitled to relief from stay pursuant to § 362(d)(1) for cause.

    2. § 362(d)(2)

Section 362(d)(2) allows a party to obtain relief from stay "with respect to a stay of an act against property under subsection (a) of [section 362], if — (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." As discussed above, there is no equity in the Property. Additionally, Ms. Coffey's bankruptcy case is a chapter 7 case; therefore, because it is not a reorganization case, the Property is not necessary to an effective reorganization. Gateway is entitled to relief from stay pursuant to § 362(d)(2).

As a final matter, the Court will address the two additional responses to the motion for relief from stay filed by Ms. Coffey after the December 18 hearing. These responses were filed after the close of evidence and without permission of the Court. Despite this, the Court will address the arguments presented in each response.

The response filed by Ms. Coffey on December 18 raises an argument Ms. Coffey has raised repeatedly, both in this matter and in the other litigation between the parties — that the special referee in the foreclosure action, R. Thayer Rivers, Jr., is co-counsel to Gateway's

7

foreclosure counsel, John Kelchner.  Ms. Coffey bases this allegation on the fact that Mr. Rivers represented a defendant in a state court case unrelated to her foreclosure case, in which Gateway was also a defendant.  Ms. Coffey attached a copy of the state court docket in the unrelated case to her December 18 response, and the Court also reviewed this evidence in its review of the docket in the District Court litigation.  A further investigation of the pleadings in the unrelated state court litigation reveals that Mr. Rivers represented other defendants in that litigation, not Gateway.  This evidence does not support Ms. Coffey's argument that Mr. Rivers is co-counsel to John Kelchner, and no other evidence tending to support her argument was presented.

Ms. Coffey's December 20 response attempts to submit a copy of her homeowner's insurance policy in support of her argument that the Property is worth more than the value claimed by Gateway.  Again, this purported evidence of the Property's value was submitted after the December 18 hearing and after the close of evidence so should not be considered by the Court in determining value.  However, even if the Court does consider the evidence, and assumes that the homeowner's insurance application accurately represents the Property's value, it still appears that there is little to no equity in the Property.  The homeowner's insurance application indicates that the value of the Property is $157,632.  The amount of the debt established by Gateway is over $139,000.  Ms. Coffey conceded at the hearing that costs continue to accrue.

8

## **CONCLUSION**

For the reasons set forth above, Gateway's motion is granted. The stay is lifted to allow Gateway to pursue all matters that are currently pending or that may arise, in any litigation that is now pending or may later be filed, regarding its collateral. As provided in Federal Rule of Bankruptcy Procedure 4001(a)(3), a stay of this Order is in effect for fourteen (14) days after the date of its entry.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**12/21/2018**



Entered: 12/21/2018

David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina